USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-5-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,                  :
                                           :
  – against –                              :   No. 93 Cr. 549 (JFK)
                                           :
STEVEN CAMACHO and JAIME                   :   MEMORANDUM OPINION
RODRIGUEZ,                                 :   AND ORDER
                                           :
                        Defendants.        :
------------------------------------------------------------ X

John F. Keenan, United States District Judge:

Defendants Steven Camacho ("Camacho") and Jaime Rodriguez ("Rodriguez") move for a reduction of their sentences pursuant to 18 U.S.C. § 3582(c)(2) and Section 1B1.10 of the United States Sentencing Guidelines[1] (the "Sentencing Guidelines"). For the reasons set forth below, the motion is denied.

## I. BACKGROUND

### A.  CONVICTION AND SENTENCING OF THE DEFENDANTS

On July 27, 1994, a jury found defendants Steven Camacho ("Camacho") and Jaime Rodriguez ("Rodriguez") guilty of drug trafficking and firearms offenses as well as conspiracy to tamper with a witness and suborn perjury. On November 18, 1994, the Court sentenced Camacho and Rodriguez each to a 300-month term of imprisonment.

On appeal, the United States Court of Appeals for the Second Circuit affirmed Defendants' convictions with respect to all but one count of the Superseding Indictment, the count charging Defendants with use of a firearm in the

---

[1] Unless otherwise stated, citations to the United States Sentencing Guidelines Manual are to the 2011 edition of the United States Sentencing Guidelines Manual.

commission of a drug trafficking offense. *United States v. Hernandez*, 85 F.3d 1023, 10321–32 (2d Cir. 1996). The Second Circuit reversed that count of the Superseding Indictment, vacated Defendants' criminal judgment, and remanded for resentencing. *Id.* (citing *Bailey v. United States*, 516 U.S. 137 (1995)).

On remand, this Court again sentenced Camacho and Rodriguez to 300-month terms of imprisonment, and entered amended criminal judgments. (*See* Am. Judgment in a Criminal Case for Jamie Rodriguez 1–3, Sept. 24, 1996, ECF No. 118; Am. Judgment in a Criminal Case for Steven Camacho 1–3, Sept. 24, 1996, ECF No. 119.) Camacho and Rodriguez appealed, and the Second Circuit affirmed the amended judgments. *United States v. Hernandez*, 122 F.3d 1058 (2d Cir. 1997) (unpublished table decision).

Camacho and Rodriguez are also serving 360-month sentences in connection with another criminal proceeding. After a jury trial in this District before United States District Judge Charles S. Haight, Jr., Camacho and Rodriguez were convicted of conspiracy to commit murder, murder, attempted murder, and related firearms offenses. *See* Judgment in a Criminal Case, *United States v. Camacho*, No. S12 94 Cr. 313 (CSH) (S.D.N.Y. filed June 16, 2009) (reducing sentence from life to 30 years' imprisonment on remand pursuant to *United States v. Crosby*, 397 F.3d 1103 (2d Cir. 2005)). Judge Haight determined that three hundred months of Camacho's and Rodriguez's sentences would run concurrently with their sentences in the instant case, and that the remaining sixty months of their sentences would run consecutively to their sentences in the instant case. *Id.*; *see also United States v.*

*Camacho*, No. S12-94CR. 313 (CSH), 2011 WL 5433918, at *3–4 (S.D.N.Y. Nov. 9, 2011).

B.  POST-CONVICTION PROCEEDINGS

On October 7, 1998, Camacho and Rodriguez filed motions to vacate their sentences under 28 U.S.C. § 2255. While that motion was pending, Rodriguez filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, in which Camacho joined. Camacho and Rodriguez argued that their convictions and sentences should be vacated on the grounds that they received constitutionally ineffective assistance of counsel, that certain evidence was improperly admitted at trial, and that they were improperly charged under the narcotics statutes. *Camacho v. United States*, Nos. 98 Civ. 7057 JFK, 98 Civ. 7062 JFK, 98 Civ. 7067 JFK, 1999 WL 600523, at *2 (S.D.N.Y. Aug. 10, 1999). The Court rejected Camacho's and Rodriguez's motions under 28 U.S.C. § 2255, *id.* at *2–10, and in a separate order denied their joint motion for a new trial under Criminal Rule 33, *United States v. Camacho*, No. 93CR549 (JFK), 2001 WL 946354, at *2 (S.D.N.Y. Aug. 21, 2001).

In July 2001, Camacho and Rodriguez petitioned the Second Circuit for leave to file a successive motion to vacate their sentences under the Supreme Court of the United States' decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* 28 U.S.C. § 2255(h). Because the Supreme Court did not give *Apprendi* retroactive effect on collateral review, the Second Circuit denied Defendants' petition for leave to file a successive 28 U.S.C. § 2255 motion. (Mandate of USCA, Feb. 14, 2003, ECF No. 157.)

In October 2007, Rodriguez filed a third motion to vacate this Court's sentence pursuant to 28 U.S.C. § 2255. This motion was transferred to the Second Circuit for a determination of whether Rodriguez could pursue still another successive motion, but when Rodriguez failed to make a required filing, the Second Circuit denied the motion without reaching the merits. *Rodriguez v. United States*, No. 07-5424-op (2d Cir. Mar. 20, 2008) (citing *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996)).

Effective November 1, 2007, Amendment 706 to the Sentencing Guidelines reduced the base offense level for cocaine base offenses by two. *See* U.S.S.G. §§ 2D1.1(c) (2007) (incorporating changes from Amendment 706 to the Sentencing Guidelines); U.S.S.G. § 1B1.10(c) (2008) (applying changes from Amendment 706 retroactively). Defendants subsequently moved for a reduction in their sentences based on that amendment. *United States v. Camacho*, Nos. 1:93 Cr. 549-02 (JFK), 1:93 Cr. 549-03 (JFK), 2009 WL 2905616, at *1 (S.D.N.Y. Sept. 3, 2009). While the Court agreed with the Government and Defendants' position that under Amendment 706, the proper sentencing range was 235 to 293 months, the Court denied Defendants' request for a reduction of their sentences. *Id.* at *2. Recognzing its discretion under 18 U.S.C. § 3582(c)(2) and noting the Defendants' prior criminal histories, the Court concluded "that reducing the sentence of either [Camacho or Rodriguez] would create an unwarranted danger to the public safety." *United States v. Camacho*, 2009 WL 2905616, at *1–2 (citing *United States v. Bordon*, 546 F.3d 100 (2d Cir. 2009)). On appeal, the Second Circuit found no abuse of discretion and

affirmed this Court's denial of Defendants' first 18 U.S.C. § 3582(c) motion. *United States v. Camacho*, 387 F. App'x 47, 49 (2d Cir. 2010).

C.   DEFENDANTS' INSTANT JOINT MOTION FOR REDUCTION IN SENTENCE

Effective November 1, 2011, Amendment 750 to the United States Sentencing Guidelines permanently implemented the Fair Sentencing Act of 2010, Pub. L. 111–220, 124 Stat. 2372 (2010), which "reduced the statutory penalties for cocaine base ("crack cocaine") offenses, eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine, and contained directives to the [United States Sentencing] Commission to review and amend the guidelines to account for specified aggravating and mitigating circumstances in certain drug cases." U.S.S.G. Manual app. C, Am. 750. In promulgating Amendment 750, the Sentencing Commission gave Parts A and C of that amendment retroactive effect. *Id.* § 1B1.10(c), Application Note 4.

On December 13, 2011, Camacho and Rodriguez filed the instant motions *pro se*. (Dfs.' Notice of Mot. for Retroactive App. of Sent. Guidelines 1, Dec. 13, 2011, ECF Nos. 181, 183.)

## II. DISCUSSION

A.   LEGAL STANDARD

This court must "liberally construe pleadings and briefs submitted by *pro se* litigants" like Defendants, and read *pro se* "submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citations omitted).

Though district courts have considerable discretion in imposing sentence, *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc), a district court "may not modify a term of imprisonment once it has been imposed," unless expressly permitted by law, 18 U.S.C. § 3582(c); *see Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007). However, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the Supreme Court established a two-step inquiry for determining when a district court may reduce a sentence under 18 U.S.C. § 3582(c). First, the court must determine whether the defendant is eligible for a sentence reduction. *Id.* at 2691. To determine a defendant's eligibility for a sentence reduction, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [relevant amendment] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." U.S.S.G. Manual § 1B1.10(b)(1). A defendant is ineligible for a sentencing reduction if an amendment with retroactive effect does

not modify the applicable guidelines range for the defendant. *Id.* § 1B1.10 App. Note 1(A).

Only after a defendant has shown threshold eligibility for a sentencing reduction must the Court consider the second step of the *Dillon* inquiry, which "requires the district court 'to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (quoting *Dillon*, 130 S. Ct. at 2692). "Because the statute states that a district court *may* reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant to § 3582(c)(2)." *United States v. Borden*, 564 F.3d 100 (2d Cir. 2009).

## B.  APPLICATION

Under *Dillon*, this Court is required to determine as a threshold matter whether Amendment 750 would result in a sentencing range different from that which the Court applied when it sentenced Camacho and Rodriguez. At the time of Camacho and Rodriguez's resentencing, the Court found that the proper sentencing range was 292 to 365 months. This sentencing range was calculated from the base offense level of 34, to which two two-level enhancement for obstruction of justice and possession of a dangerous weapon were applied, yielding a total offense level of 38. Both defendants were determined to fall within criminal history category III. Under Amendment 750, the revised base offense level would be 32, yielding a total

offense level of 36 and a revised sentencing range of 235 to 293 months. Therefore, both Camacho and Rodriguez are eligible as a threshold matter for a reduction in sentence under Amendment 750 to the Sentencing Guidelines.

The Court must next determine whether reducing of Camacho and Rodriguez's 300-month sentence is appropriate under 18 U.S.C. § 3553(a).

Defendants urge the Court to reduce their sentences because Amendment 750 was intended by Congress and the Sentencing Commission "to correct a wrong," and argue that "[t]o deny the application of the lesser penalties would be to perpetuate that wrong contrary to clear Congressional and [Sentencing] Commission intent." (Joint Mem. in Supp. 5, Dec. 13, 2011, ECF No. 182.) Whatever the general policy-making intentions of Congress or the Sentencing Commission, this Court is ultimately responsible for determining whether retroactive application of an amendment to the Sentencing Guidelines is appropriate, and for imposing an appropriate sentence in each case before it. 18 U.S.C. § 3553(a), 3582(c).

The Court has reviewed the original sentencing materials, supplemental reports prepared by the Probation Office, the record of defendants' subsequent convictions for murder in aid of racketeering, and the memoranda submitted by the defendants in connection with the instant motion and those submitted by defense counsel in connection with their prior § 3582(c)(2) motion. After considering the factors set forth in § 3553(a), the Court concludes that reducing the sentence of either defendant would create an unwarranted danger to the public safety. As

discussed in the Court's Memorandum Opinion and Order dated September 3, 2009, the defendants have been involved in serious criminal activity, which has included unlawful possession of firearms, murder-for-hire, and threats against a cooperating witness and his family. *Camacho*, 2009 WL 2905616, at *2. None of the points defendants raise in their memorandum, which is largely devoted to attacking the validity of defendants' convictions, persuade the Court that a reduction in their sentence is warranted. Particularly unpersuasive is the defendants' argument that a reduction in their sentences would pose no threat to public safety because they expect to be incarcerated until 2020 in connection with their convictions for murder in aid of racketeering and other offenses. These additional convictions show that the policy concerns underlying Amendment 750 do not support a sentence reduction in this case.

## III. CONCLUSION

For the reasons set forth above, Camacho and Rodriguez's joint motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Section 1B1.10 of the Sentencing Guidelines is denied. The Clerk of Court is directed to close the open motions at ECF Nos. 181 and 183.

**SO ORDERED.**

Dated:   New York, New York
         September 5, 2012

*John F. Keenan*
John F. Keenan
United States District Judge