```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC #: _____
------------------------------------X         DATE FILED: 05/26/2021
UNITED STATES OF AMERICA            :
                                    :
     -against-                      :         No. 93 Cr. 549 (JFK)
                                    :
JAIME RODRIGUEZ and                 :         OPINION & ORDER
STEVEN CAMACHO,                     :
                                    :
                    Defendants.     :
------------------------------------X
```

APPEARANCES

FOR DEFENDANTS JAIME RODRIGUEZ and STEVEN CAMACHO:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Sarah L. Kushner
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN**, United States District Judge:

Before the Court is a joint pro se motion by Defendants Jaime Rodriguez and Steven Camacho ("Defendants") seeking termination of their terms of supervised release. The Government opposes Defendants' request.

For the reasons set forth below, Defendants' motion is DENIED.

   **I.  Background**

Unless otherwise noted, the following is taken from the materials the parties submitted; Rodriguez's and Camacho's Presentence Investigation Reports; the Court's September 5, 2012 Opinion & Order denying Defendants' request for a sentence reduction, United States v. Camacho, No. 93 Cr. 549 (JFK), 2012

1

WL 3839415 (S.D.N.Y. Sept. 5, 2012); and the Second Circuit's December 19, 2013 Summary Order affirming the Court's September 5, 2012 decision, United States v. Rodriguez, 548 F. App'x 27 (2d Cir. 2013). In ruling on Defendants' request, the Court has considered the arguments advanced in their initial motion (ECF No. 196) and subsequent letter in further support (ECF No. 199); the Government's letter in opposition (ECF No. 201); and Defendants' two letters in reply (ECF Nos. 205, 206).

On July 27, 1994, a jury convicted Rodriguez and Camacho of conspiracy to distribute and possess with intent to distribute heroin, distribution and possession with intent to distribute heroin, using and carrying a firearm during and in relation to a drug trafficking crime, possession of a firearm with an obliterated serial number, conspiracy to suborn perjury, and conspiracy to tamper with a witness. Following a remand for resentencing, Rodriguez and Camacho were sentenced to a total of 300 months' imprisonment each, with the sentences on their numerous counts of conviction ordered to run concurrently, to be followed by five years' supervised release. (ECF Nos. 118, 119.) On July 9, 1997, the Second Circuit affirmed Defendants' sentences. See United States v. Hernandez, 122 F.3d 1058 (2d Cir. 1997) (table).

On December 13, 2011, Defendants moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), commonly known as

2

the compassionate release statute. The Court denied Defendants' motion noting that, in addition to their offense conduct in this case, Defendants also were convicted of conspiracy to commit murder, murder, attempted murder, and certain other firearms offenses in a separate criminal proceeding in this district. See Camacho, 2012 WL 3839415, at *1. In denying Defendants' request for a sentence reduction the Court explained that, "reducing the sentence of either defendant would create an unwarranted danger to the public safety . . . the defendants have been involved in serious criminal activity, which has included unlawful possession of firearms, murder-for-hire, and threats against a cooperating witness and his family." Id. at *4. Once again, the Second Circuit affirmed the Court's judgment. See Rodriguez, 548 F. App'x at 28.

On May 27, 2020, Defendants were released from the custody of the Bureau of Prisons and began serving their terms of supervised release. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 24, 2021). Approximately six months later, Defendants filed the instant joint pro se motion seeking early termination of their supervised release on the grounds that they have purportedly served the statutory maximum terms of incarceration for their offenses and, in the interests of justice, they should no longer be subject to supervision which could lead to another term of incarceration—

what Defendants phrase as "the real potential prejudice of . . . unjustly serving even just one extra day above the statutory maximums already served" if Defendants, at some point in the future, violate a condition of their supervised release. On March 16, 2021, the Government opposed Defendants' motion on the grounds that early termination is not permitted because Defendants have not yet completed one full year of supervised release and, even if they were eligible, such termination is not warranted because Defendants do not identify sufficient "changed circumstances" nor demonstrate that termination is appropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a). On March 25, 2021, and April 6, 2021, Defendants filed letters in reply.

## II. Discussion

### A. Legal Standard

18 U.S.C. § 3583(e)(1) allows a court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

> In determining whether early termination of supervised release is warranted, a court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to deter criminal conduct; (3) the need to

4

> protect the public from further crimes of the defendant; (4) the need to provide the defendant with correctional treatment; (5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (7) the need to avoid unwarranted sentence disparities among similar defendants; and (8) the need to provide restitution.

United States v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (citing certain 18 U.S.C. § 3553(a) sentencing factors). "Only 'occasionally' is early termination warranted when 'changed circumstances' of the defendant render the previously imposed term 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

Defendants' motion, like nearly all of their other filings in this case, is without merit. First, Defendants do not point to any "changed circumstances—for instance, exceptionally good behavior by the defendant . . . [which] render a previously imposed term or condition of release either too harsh or

inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36. To the contrary, Defendants' motion exclusively relies on a hypothetical: that if Defendants violate a condition of their supervised release, and if they are sentenced to a term of incarceration based on that violation, such incarceration will be improper. The Court is not persuaded by "what ifs," to say nothing of the timing of Defendants' request—which they improperly brought before the expiration of one year—and their baseless assertion that they served the statutory maximum period of incarceration for their offense conduct. Indeed, Defendants' spurious assertion ignores the fact that they were convicted of numerous serious crimes, including witness tampering and suborning perjury, which carry their own maximum terms of incarceration that could have been imposed consecutively.

Second, and equally decisive here, even if Defendants were eligible for early termination of supervised release, application of the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) cripples their request and outweighs any justification for modifying or revoking their supervision. Defendants' offense conduct is among the most grave and reprehensible the Court has encountered: Defendants engaged in an outrageous and long-running heroin distribution operation, the unlawful possession of firearms, and

threats against a cooperating witness and his family—serious criminal activity of which Defendants continue to show minimal remorse. See Camacho, 2012 WL 3839415, at *4.

> Supervision is a means of protecting the public from those who have been deemed dangerous. The defendant is allowed a chance to readjust to society and an opportunity to learn how to live a life free of criminal activity. Supervised release is intended to impose reasonable restrictions on the Defendant's liberty in light of the Defendant's past criminal behavior, to provide the much-needed guidance of a probation officer, and to discourage activity which may lead to further crimes.

United States v. Crea, 968 F. Supp. 826, 829 (E.D.N.Y. 1997), aff'd sub nom. United States v. Truscello, 168 F.3d 61 (2d Cir. 1999). Accordingly, Defendants' motion is denied.

### III. Conclusion

For the reasons set forth above, Defendants Jaime Rodriguez's and Steven Camacho's motion to terminate their terms of supervised release is DENIED.

**SO ORDERED.**

Dated: New York, New York
       May 26, 2021

                                      *John F. Keenan*
                                      John F. Keenan
                                     United States District Judge