```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA               :
                                       :
     -against-                         :      No. 93 Cr. 549 (JFK)
                                       :
JAIME RODRIGUEZ and                    :      ORDER
STEVEN CAMACHO,                        :
                                       :
                    Defendants.        :
---------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/15/2021

**JOHN F. KEENAN, United States District Judge:**

On June 9, 2021, Defendants Jaime Rodriguez and Steven Camacho ("Defendants") filed a joint pro se motion seeking reconsideration of the Court's May 26, 2021 Opinion & Order ("the May 26 Decision") which denied their joint request for early termination of their terms of supervised release.[1] Defendants' motion requests the Court make certain findings of fact and consider whether certain decisions of the United States Supreme Court and Second Circuit apply to their initial request for early termination of their supervision.  Around the same time that Defendants filed their request for reconsideration, they filed a joint notice of appeal, which is dated as filed on June 8, 2021, but was not electronically docketed until June 11, 2021.

---

[1] This Order assumes familiarity with the May 26 Decision. See United States v. Rodriguez, 2021 U.S. Dist. LEXIS 99735 (S.D.N.Y. May 26, 2021) (the decision does not appear in the Westlaw database).

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Nevertheless, "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "Borrowing from the civil context, the legal standard governing [criminal] motions for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" United States v. Rosario, No. 09 Cr. 415 (VEC), 2020 WL 7695707, at *2 (S.D.N.Y. Dec. 24, 2020) (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)); see also Local Criminal Rule 49.1(d) (requiring a motion for reconsideration to include a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice.'" Stagg P.C. v. U.S. Dep't of State, No. 15 Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25, 2019) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" Analytical Surveys, 684 F.3d at 52 (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (quotation marks omitted).

As a preliminary matter, the Court lacks jurisdiction over Defendants' motion for reconsideration of the May 26 Decision due to Defendants' pending appeal of the same. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); United States v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989) (per curiam) (explaining Griggs

3

"applies in criminal cases"). Nevertheless, Federal Rule of Criminal Procedure 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Accordingly, because the Court would deny Defendants' motion for reconsideration notwithstanding their pending appeal, the Court will reach the merits of Defendants' request in the interest of judicial economy. See, e.g., United States v. Cook, No. 09 Cr. 125 (LEK), 2015 WL 13145602, at *2 (N.D.N.Y. Nov. 19, 2015) (denying a motion for reconsideration on the merits pursuant to Rule 37); see also United States v. Martin, No. 18 Cr. 834 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (explaining Rule 37 "allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal").

Defendants' motion for reconsideration is without merit. First, Defendants do not point to controlling decisions or data that the Court overlooked, but rather, they repeat the same insufficient arguments they asserted in their initial request for early termination of their terms of supervised release.

4

Second, as the Court explained in the May 26 Decision, "Defendants do not point to any 'changed circumstances—for instance, exceptionally good behavior by the defendant . . . [which] render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [18 U.S.C. §] 3553(a).'" United States v. Rodriguez, 2021 U.S. Dist. LEXIS 99735, at *5-6 (S.D.N.Y. May 26, 2021) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).  Accordingly, Defendants are not entitled to a modification to the terms of their supervision. See Lussier, 104 F.3d at 36; see also 18 U.S.C. § 3583(e)(1) (explaining a court may "terminate a term of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice").

Finally, and once again equally decisive here, as the May 26 Decision explained,

> even if Defendants were eligible for early termination of supervised release, application of the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) cripples their request and outweighs any justification for modifying or revoking their supervision. Defendants' offense conduct is among the most grave and reprehensible the Court has encountered: Defendants engaged in an outrageous and long-running heroin distribution operation, the unlawful possession of firearms, and threats against a cooperating witness and his family—serious criminal activity of which Defendants continue to show minimal remorse.

Rodriguez, 2021 U.S. Dist. LEXIS 99735, at *6-7.  Accordingly, Defendants' motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 211.

**SO ORDERED.**

Dated:  New York, New York
       June 15, 2021

                                        _____
                                            John F. Keenan
                                    United States District Judge